# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Starbucks Corporation and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

George Cable   an individual   (1)

---

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

**FEB 08 2017**

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 N. Hill Street Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):* **BC 6 4 9 9 8 5**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua Cohen Slatkin 2001 Wilshire Blvd. Ste. 320 Santa Monica, CA 90403 (310) 627-2699

**DATE:** FEB 0 8 2017    SHERRI R. CARTER    Clerk, by _____, Deputy
*(Fecha)*                                        *(Secretario)*                Judi Lara  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Starbucks Corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A - PAGE 13**

1  LAW OFFICE OF JOSHUA COHEN SLATKIN
   JOSHUA COHEN SLATKIN (SBN 285090)
2  2001 Wilshire Blvd., Ste. 320
   Santa Monica, California 90403
3  Telephone: 310-627-2699
   Facsimile: 310-943-2757
4  jcohenslatkin@jcslaw4you.com

5  Attorney for Plaintiff, George Cable

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 08 2017

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

6                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                     FOR THE COUNTY OF LOS ANGELES COUNTY

8                                               BC 6 4 9 9 8 5

| | |
|---|---|
| 9  George Cable, an individual, | Case No. |
| 10      Plaintiff, | **COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES** |
| 11          vs. | |
| 12  Starbucks Corporation and DOES 1 through 100, inclusive, | 1.  **VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT – GOVERNMENT CODE SECTIONS 12945.2, _et. seq._;** |
| 13      Defendants. | |
| 14 | 2.  **DISCRIMINATION BASED UPON PHYSICAL DISABILITY IN VIOLATION OF FEHA – GOVERNMENT CODE SECTIONS 12940, _et. seq._** |
| 15 | |
| 16 | |
| 17 | |
| 18 | 3.  **FAILURE TO ACCOMMODATE PHYSICAL DISABILITY IN VIOLATION OF FEHA – GOVERNMENT CODE SECTIONS 12940, _et. seq._** |
| 19 | |
| 20 | 4.  **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA – GOVERNMENT CODE SECTIONS 12940, _et. seq._** |
| 21 | |
| 22 | |
| 23 | 5.  **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF FEHA – GOVERNMENT CODE SECTIONS 12940, _et. seq._** |
| 24 | |
| 25 | |
| 26 | 6.  **RETALIATION IN VIOLATION OF FEHA – GOVERNMENT CODE SECTIONS 12940, _et. seq._** |
| 27 | |
| 28 | |

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

8. **DISCRIMINATION BASED UPON AGE IN VIOLATION OF FEHA – GOVERNMENT CODE SECTIONS 12940, et. seq.**

**[DEMAND FOR JURY TRIAL]**

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

Plaintiff George Cable ("Plaintiff" or "Cable") hereby alleges the following on knowledge as to himself and his respective known acts, and on information and belief as to all other matters:

## I.

## PARTIES

1.     At all times mentioned herein, Plaintiff was an individual employed by Starbucks Corporation ("Defendant" or "Starbucks").  The unlawful conduct alleged herein occurred in Los Angeles County.  Plaintiff is, and at all relevant times mentioned herein was, a resident of Los Angeles County.

2.     At all times mentioned herein, Defendant is a coffee business with multiple locations throughout the United States with its principal place of business in Seattle, WA.

3.     At all times mentioned herein, Defendant was an employer of Plaintiff as such term is defined by California Government Code section 12926(d), that each regularly employed five (5) or more persons.

4.     At all times mentioned herein, each of the defendants named in the caption and each DOE defendant was an agent, employee, joint employer, alter-ego and/or partner of the remaining defendants, including the DOE defendants, and, in doing these things herein alleged, was acting within the scope of such agency, employment and/or partnership with the permission, authority and/or consent of his co-defendants.

5.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of said defendants when the same has been ascertained.  Each of the fictitiously named defendants is responsible in some manner for the acts complained of herein.  Unless otherwise stated, all references to named defendants shall include DOE defendants as well.

1

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

## II.

### JURISDICTION AND VENUE

6.      Jurisdiction and venue are proper in this Court because all of the claims alleged herein arose in Los Angeles County and all of the defendants were and/or are residents of Los Angeles County or are doing or did business in Los Angeles County, at all times relevant herein.

7.      The amount in controversy in this matter exceeds the sum of $25,000.00, exclusive of interest and costs.

## III.

### FACTUAL ALLEGATIONS

8.  Mr. Cable worked for Starbucks Coffee Company (hereinafter referred to as the "Defendant" or "Starbucks") from August 2003 until April 29, 2016. He worked at Defendant's location on Hawthorne and Artesia Blvd. (Store No. 5859).

9.  Mr. Cable had knee replacement surgery in December 2015 and was placed on a medical leave of absence.

10. Mr. Cable was on modified work duty and received accommodations due to a work place injury he suffered at Starbucks around 2005.

11. Mr. Cable suffered a neck injury in 2005 which caused him to be permanently, partially disabled and he often didn't work more than 4 hours per shift and did not work on consecutive days.

12. In a letter dated September 23, 2015, Mr. Cable was notified that he requested a medical accommodation leave but the leave would be considered an accommodation leave of absence.

13. Mr. Cable received a letter dated December 31, 2015 from a third party administrator, Sedgwick claims Management Services, Inc., stating that his accommodation leave ended on December 21, 2015 and that he should return to work and to contact his manager, who was Amber Rodriguez.

14. Dr. Stevenson, who performed the December 2015 surgery, wanted to extend Mr. Cable's medical leave beyond this date due to complications from his knee surgery in December 2015.

2

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

15. On or about March 2016 Starbucks, by and through a third-party administrator, refused to accept Mr. Cable's extension to his medical leave from his doctor.

16. Mr. Cable had a doctor's note dated April 4, 2016 stating that he was temporarily totally disabled for two months.

17. Ms. Rodriguez told Mr. Cable that she would not take any adverse employment action against him and to update her regarding his medical condition.

18. Mr. Cable then asked to be put on the schedule and advised Starbucks that he would perform his job functions to the best of his ability despite his serious medical conditions and against his doctor's advice to protect his job.

19. Mr. Cable repeatedly called Starbucks and Sedgewick regarding an extension of his medical leave to accommodate his disability. However, Mr. Cable's medical leave was never extended and no other medical accommodations were provided to him.

20. Mr. Cable was then terminated from Starbucks on or about April 29, 2016.

21. Substantial motivating reasons for Mr. Cable's termination were due to his medical condition, age and resulting disabilities and request for medical leave and other reasonable accommodations.

22. The Defendant failed to accommodate and failed to engage in a good faith interactive process with Plaintiff by failing to give him sufficient time to recover from his serious medical condition, knee, neck and back issues , and therefore discriminated against him by terminating him based, in part on his medical condition.

23. To this date of the filing of this Complaint, the Defendant has failed to reinstate Plaintiff's employment as a barista for the Defendant.

24. Mr. Cable is over forty (40) years of age.

25. Mr. Cable was replaced by an employee that was younger than him.

26. The discriminatory actions of the Defendant alleged herein, including, without limitation,

3

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

EXHIBIT A - PAGE 18

1  disability discrimination, retaliation, failure to engage in a good faith interactive process and failure to
2  accommodate based on a disability/medical condition and age which is a continuing violation since
3  Plaintiff has not been reinstated to his position as a barista with the Defendant as of the date of the
4  filing of this complaint.

5

6                                           IV.

7                    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8          26.    Prior to the initiation of this lawsuit, Plaintiff filed a complaint against each named
9  defendant with the California Department of Fair Employment and Housing ("DFEH") pursuant to
10 section 12900, *et seq.*, of the California Government Code, alleging the claims described in this
11 complaint.  On January 13, 2017, the DFEH issued a "right to sue" letter.  True and correct copies of
12 the administrative complaint and the "right to sue" letters are attached hereto collectively as **Exhibit 1**.
13 All conditions precedent to the institution of this lawsuit has been fulfilled.  This action is filed within
14 one year of the date that the DFEH issued its right to sue letters.

15

16                                           V.

17                            **FIRST CAUSE OF ACTION**

18                                (Violation of CFRA)

19                   (On behalf of Plaintiff against All Defendants)

20         27.    Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference
21 as though fully set forth herein.

22         28.    At all times herein mentioned, FEHA, Government Code §§12900-12996, was in full
23 force and effect and was binding on Defendant.  This included Government Code §12945.2 *et. seq.*
24 which is commonly referred to as the California Family Rights Act ("**CFRA**").  CFRA requires that
25 Defendant refrain from discriminating or retaliating against any employee on the basis of that
26 employee's need to take leave to tend to his own serious medical condition or having taken such leave
27 (*see* Government Code §§12945.2 (a) and (l)).

28

29.     Plaintiff suffered from, without limitation, knee replacement surgery and neck and back issues which Defendant was made aware of by Plaintiff and/or his treating physician.

30.     Plaintiff took leave time to tend to such serious medical conditions.

31.     The leave that Plaintiff took to tend to his serious medical conditions was a substantial motivating factor in Defendant's decision to terminate him.

32.     As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

33.     CFRA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and costs.

34.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## VI.

### SECOND CAUSE OF ACTION

### (Discrimination Based Upon Physical Disability in Violation of FEHA)

### (On behalf of Plaintiff against All Defendants)

35.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as though fully set forth herein.

36.     Defendant discriminated against Plaintiff on the basis of his physical disabilities, including his knee replacement surgery, neck and back issues in violation of FEHA through numerous illegal acts, including, without limitation, those set forth in the preceding paragraphs.

5

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

37.     As a proximate result of the conduct of Defendant, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

38.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

39.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## VII.

### THIRD CAUSE OF ACTION

### (Failure to Accommodate Physical Disability in Violation of FEHA)

### (On behalf of Plaintiff against All Defendants)

40.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as though fully set forth herein.

41.     At times relevant to this lawsuit, Plaintiff was an employee of Defendant with certain disabilities, including, without limitation a knee replacement surgery and neck and back issues, which is a disability that is protected under FEHA.

42.     California Government Code section 12940(m) makes it unlawful "[f]or an employer or other entity…to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

43.     As set forth in the preceding paragraphs, Plaintiff sought reasonable accommodations, including, without limitation, requests to have an extended medical leave, but rather than accommodating him, Defendant terminated his employment based, in part, on his disabilities.

6

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

44.     As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

45.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

46.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## VIII.

### FOURTH CAUSE OF ACTION

### (Failure to Engage in the Interactive Process in Violation of FEHA)

### (On behalf of Plaintiff against All Defendants)

47.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as though fully set forth herein.

48.     California Government Code section 12940(n) makes it unlawful "[f]or an employer or other entity covered by this part to fail to engage in a timely, good faith interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

49.     California Government Code section 12926.1(e) states "The Legislature affirms the importance of the interactive practice between the applicant or employee and the employer in determining a reasonable accommodation, as the requirement has been articulated by the Equal

7

1  Employment Opportunity Commission in its interpretive guidance of the Americans with Disabilities

2  Act."

3       50.    As set forth in the preceding paragraphs, Plaintiff repeatedly informed Defendant of his

4  disabilities and requested accommodations, but instead of engaging in a timely good faith process with

5  him to determine effective reasonable accommodations as required by California Government Code

6  sections 12940(n) and 12926.1(e), Defendant terminated his based, in part, on his disabilities.  Had

7  Defendant engaged in a timely good faith interactive process, there were available reasonable

8  accommodations which would have accommodated Plaintiff's disabilities and allowed him to continue

9  to work with the Defendant.

10       51.    As a proximate result of the conduct of Defendant, Plaintiff has suffered and will

11  continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss

12  according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional

13  injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain,

14  discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

15       52.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by a

16  prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue

17  to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will

18  continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and

19  costs.

20       53.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this

21  Court.

22  **IX.**

23  **FIFTH CAUSE OF ACTION**

24  **(Failure to Prevent Discrimination in Violation of FEHA)**

25  **(On behalf of Plaintiff against All Defendants)**

26       54.    Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference

27  as though fully set forth herein.

28

8
COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

55.     California Government Code section 12940(k) makes it an unlawful employment practice for an employer to "fail to take all reasonable steps to prevent discrimination from occurring." Defendant violated this provision by failing to prevent discrimination and harassment against Plaintiff, including the discrimination described in the preceding paragraphs.

56.     As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

57.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and costs.

58.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## X.

## SIXTH CAUSE OF ACTION

### (Retaliation in Violation of FEHA)

### (On behalf of Plaintiff against All Defendants)

59.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as though fully set forth herein.

60.     Defendant retaliated against Plaintiff for seeking accommodations for his disabilities, in violation of FEHA through numerous illegal acts, including, without limitation, those set forth in the preceding paragraphs of this Complaint.

61.     As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss

9

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

1   according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional

2   injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright,

3   shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at

4   trial.

5       62.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a

6   prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue

7   to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will

8   continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and

9   costs.

10      63.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this

11  Court.

**XI.**

**SEVENTH CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy)**

**(On behalf of Plaintiff against All Defendants)**

16      64.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference

17  as though fully set forth herein.

18      65.     Defendant terminated Plaintiff's employment in violation of important and well-

19  established public policies, as set forth in various state statutes and Constitutional provisions including

20  but not limited to, CFRA (alleged only if CFRA cause of action), FEHA and Const. Art. I section 8.

21      66.     As a proximate result of the conduct of Defendant, Plaintiff has suffered and will

22  continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss

23  according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional

24  injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright,

25  shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at

26  trial.

27

28

1    67.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this

2  Court.

3                                    **XII.**

4                        **EIGHTH CAUSE OF ACTION**

5              **(Discrimination Based Upon Age in Violation of FEHA)**

6                **(On behalf of Plaintiff against All Defendants)**

7    68.    Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference

8  as if fully set forth herein.

9    69.    Defendants discriminated against Plaintiff on the basis of his age in

10  violation of FEHA through numerous illegal acts, including, without limitation, those set forth in the

11  preceding paragraphs.

12    68.    As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to

13  suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to

14  proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including

15  nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue,

16  and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

17    70.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by a

18  prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue

19  to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will

20  continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and

21  costs.

22    71.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this

23  Court.

24

25

26

27

28

11

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

**PRAYER FOR RELIEF**

1.     For general damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

2.     For special damages, according to proof on each cause of action for which such damages are available.

3.     For compensatory damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

4.     For prejudgment interest and post-judgment interest according to law.

5.     For reasonable attorneys' fees incurred in this action pursuant to FEHA, CFRA and California Code of Civil Procedure section 1021.5.

6.     For costs of suit incurred in this action.

7.     For expert witness fees pursuant to FEHA.

8.     For such other and further relief and the Court deems proper and just.

Dated: February 7, 2017

LAW OFFICE OF JOSHUA COHEN SLATKIN

By   *Joshua Cohen Slatkin*
_____
Joshua Cohen Slatkin
Attorney for Plaintiff, George Cable

12
COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all causes of action alleged herein in the Complaint for Damages and Restitution.

Dated:  February 7, 2017                LAW OFFICE OF JOSHUA COHEN SLATKIN

By *Joshua Cohen Slatkin*
_____
Joshua Cohen Slatkin
Attorney for Plaintiff, George Cable

---

13

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

EXHIBIT A - PAGE 28

# Exhibit 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

January 13, 2017

California

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 720970-270497
Right to Sue: Cable / Starbucks Corporation

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962,
DFEH will not serve these documents on the employer.  You or your attorney must
serve the complaint.  If you do not have an attorney, you must serve the complaint
yourself. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

EXHIBIT A - PAGE 30



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

January 13, 2017

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 720970-270497
Right to Sue: Cable / Starbucks Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**      DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

January 13, 2017

George Cable
C/o Law Office Of Joshua Cohen Slatkin
Santa Monica, California 90403

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 720970-270497
Right to Sue: Cable / Starbucks Corporation

Dear George Cable,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 13, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A - PAGE 32



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**D**EPARTMENT OF **F**AIR **E**MPLOYMENT & **H**OUSING                              DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

**BEFORE THE STATE OF CALIFORNIA**

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of
George Cable, Complainant.
C/o Law Office Of Joshua Cohen Slatkin
Santa Monica,  California  90403

vs.

Starbucks Corporation, Respondent.
2401 Utah Avenue S., Suite 800
Seattle,  Washington 92134

DFEH No. 720970-270497

Complainant alleges:

1. Respondent **Starbucks Corporation** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **April 29, 2016**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Retaliation Terminated,** . Complainant believes respondent committed these actions because of their: **Age - 40 and over, Disability, Medical Condition - Including cancer or cancer related medical condition or genetic characteristics** .

3. Complainant **George Cable** resides in the City of **Santa Monica**, State of **California**. If complaint includes co-respondents please see below.

*Complaint ± DFEH No. 720970-270497*

Date Filed: January 13, 2017

DFEH 002-1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

**Additional Complaint Details:**

Mr. Cable worked for Starbucks Coffee Company (hereinafter referred to as "Starbucks") from August 2003 until April 29, 2016. Mr. Cable had knee replacement surgery in December 2015 and was placed on a medical leave of absence.
Mr. Cable was on modified work duty and received accommodations due to a work place injury he suffered at Starbucks around 2005. Mr. Cable suffered a neck injury in 2005 which caused him to be permanently, partially disabled and he often didn`t work more than 4 hours per shift and did not work on consecutive days.

In a letter dated September 23, 2015, Mr. Cable was notified that he requested a medical accommodation leave but the leave would be considered an accommodation leave of absence. Mr. Cable received a letter dated December 31, 2015 from a third party administrator, Sedgwick claims Management Services, Inc., stating that his accommodation leave ended on December 21, 2015 and that he should return to work and to contact his manager, who was Amber Rodriguez. Dr. Stevenson, who performed the December 2015 surgery, wanted to extend Mr. Cable`s medical leave beyond this date due to complications from his knee surgery in December 2015.

On or about March 2016 Starbucks by and through a third party administrator refused to accept Mr. Cable`s extension to his medical leave from his doctor. Mr. Cable had a doctor`s note dated April 4, 2016 stating that he was temporarily totally disabled for two months. Mr. Cable`s supervisor, Amber Rodriguez, from the Hawthorne and Artesia store, who Mr. Cable discussed the issue regarding extending his medical leave stated that there was nothing she could do and it was out of her hands. Ms. Rodriguez told Mr. Cable that she would not take any adverse employment action against him and to update her regarding his medical condition. Mr. Cable then asked to be put on the schedule and advised Starbucks that he would perform his job functions to the best of his ability despite his serious medical conditions and against his doctor`s advice to protect his job.

Mr. Cable repeatedly called Starbucks and Sedgewick regarding an extension of his medical leave to accommodate his disability. However, Mr. Cable`s medical leave was never extended and no other medical accommodations were provided to him. Mr. Cable was then terminated from Starbucks on or about April 29, 2016. Substantial motivating reasons for Mr. Cable`s termination were due to his medical condition, age and resulting disabilities and request for medical leave and other reasonable accommodations.

DFEH 802-1

-6-

*Complaint ± DFEH No. 720970-270497*

Date Filed: January 13, 2017

VERIFICATION

I, **Joshua Cohen Slatkin**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.   The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On January 13, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Santa Monica, CA**
**Joshua Cohen Slatkin**

-7-
*Complaint ± DFEH No. 720970-270497*

Date Filed: January 13, 2017

DFEH 902-1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joshua Cohen Slatkin (SBN: 285090)<br>2001 Wilshire Blvd. Ste. 320<br>Santa Monica, California 90403<br><br>TELEPHONE NO.: (310) 627-2699   FAX NO.: 310-943-2757<br>ATTORNEY FOR (Name): Plaintiff George Cable | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>FEB 08 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Judi Lara, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: -same-
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
George Cable v Starbucks Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC 6 4 9 9 8 5 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35)<br>**Employment**<br>☑ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse<br>   condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the<br>   above listed provisionally complex case<br>   types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition (not specified above) (43) |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Eight for wrongful termination and related causes of action
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 30, 2017
Joshua Cohen Slatkin
_____
(TYPE OR PRINT NAME)          ► _____
                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT A - PAGE 37

| SHORT TITLE: George Cable v Starbucks Corporation | CASE NUMBER BC 6 4 9 0 8 5 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 7    ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: George Cable v Starbucks Corporation | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

EXHIBIT A - PAGE 39

| SHORT TITLE: | CASE NUMBER |
|---|---|
| George Cable v Starbucks Corporation | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXHIBIT A - PAGE 40

| SHORT TITLE: George Cable v Starbucks Corporation | CASE NUMBER |
| --- | --- |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>17400 Hawthorne Blvd. |
| --- | --- |
| CITY:<br>Torrance | STATE:<br>CA | ZIP CODE:<br>90504 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __January 30, 2017__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT A - PAGE 41